Reported by
Judge Smith.
This is an action brought to obtain a construction of a deed, executed by Thomas Marsh now deceased, on December 9th, 1874, to his son, George Marsh, as trustee. The facts in the case, as substantially agreed upon, are these :
Thomas Marsh was a man of considerable means, and had two children then living, viz : George Marsh and Shubal J. Marsh. The latter was a man of intemperate habits, and was married, and had eight children, two of ■ whom in 1874 were of age. Thomas Marsh having made provision for his son George, was desirous of doing the same for Shubal and his children. He was the owner of a number of lots, contiguous to each other, in the city of Cincinnati, and he conveyed to each of the two children of Shubal, then of age, one of these lots, and some personal property, and the value of ■the property conveyed to each of them was about $3,500. About the same time he executed the deed in question to George Marsh as trustee, the substance of which, so far as it is necessary to state it, is this : It conveyed to the trustee *33 six of the lots owned by him, the value of each of which was estimated to be about $3,000 to $3,500. The trustee was to take immediate possession thereof, and rent the same, pay taxes, etc., and out of the net proceeds he was to pay to Shubal Marsh, during the life his father, the sum of $1,000 per annum, and the remainder of the net income was to be paid to Thomas Marsh during his life. It then provided that the trustee was to convey to each of the six children of Shubal Marsh, specifically named in the deed (and all of whom were then minors), as they respectively arrived at full age, the one equal sixth part of said real estate in fee-simple. But the deed contained this further provision — “ but should any of them die before arriving at full age, or before receiving a deed as aforesaid, without issue surviving them, the share of the tract that he or she would be entitled to, shall vest equally in the other heirs of Shubal J. Marsh surviving, and be conveyed by my said trustee in the manner heretofore designated; but it is understood that no conveyance shall be made by my said trustee, or his successors, until the period of thirty days after my death.”
After the execution of this deed, the wife of Shubal J. Marsh died, and he married again, and had four children, all of whom are now, and were living at the death of Albert Marsh, one of the six children of Shubal mentioned in said deed, who died in 1887 underage and without issue surviving him. The two older children of Shubal are still living. One or more of the children named in the deed have died, leaving issue surviving. Thomas Marsh, the grantor, died in 1888, and his son Shubal is still living.
The question for decision is, to whom shall the trustee convey the one-sixth of said real estate, which should have been conveyed to Albert if he were now living. First, shall it go, to the five other persons named in the deed, or if dead to their issue surviving ? Or second, to the children of Shubal, other than the five named in the deed? Or third, to the children of Shubal still surviving, and the issue of any who may have died, that is, be divided into eleven parts, and each child living take one eleventh, and the issue of any child who may have died, the one eleventh thereof? Bach of these interpretations is urged by counsel for the various parties.
*34 The deed being in the nature of a testamentary provision for the children of Shuhal Marsh, to take effect so far as their right to the property was concerned, on the death of the grand-fathér, the court was of the opinion that the same liberal construction should be given to the language used in the deed, as if used in a will, and that the intention of the grantor was to govern, and was to be arrived at by a consideration of the language used in the instrument in the light of the surrounding circumstances, as disclosed by the evidence. And that the word heirs, as it is found in the sentence, which gives rise to the controversy, viz : “ shall vest equally in the other heirs of Shubal J. Marsh surviving” is to be construed as meaning children.
The majority of the court, Judge Cox announcing the decision, was of the opinion that on the death of Albert, the one-sixth of said real estate vested in the other children of Shubal J. Marsh, then surviving, and if any one of these had died leaving issue surviving, that such issue took the share the parent would have taken if living. That it was evidently the intention of Thomas Marsh, the grantor, as shown by the terms of this deed, and by the conveyances made about the same time to the two children of his son Shubal, then of age, to make some provision, and substantially an equal one, to all of the children of his son then living. And that if the provision in question had not been inserted in the deed, the estate conveyed to these children thereby, being a vested one, on the death of one of them without issue, his share under the statutes of descent would have passed to all of the surviving brothers and sisters, whether of the whole or the half blood, and not to the survivors of those named in the deed.
That this should be so, we may conclude would naturally be the wish of the grantor. All of the children of Shubal stood in the same relation of blood to him, whether born after or before the date of the deed — and he would not have been' likely, voluntarily to have said in the deed, that the other children of his s’on, should in the event of the death of one of the six under age, and without issue, be excluded from the share the law would otherwise have given to them — and no construction should be placed on the instrument which would *35 have this effect, unless it is clearly required to be done. On the contrary, the language used in the deed, taken in its usual and natiiral meaning, is broad enough to include all of the children. It says, that the share of one of the six mentioned as beneficiaries in the deed, in case of his death under age and without issue surviving, “ shall vest equally in the other heirs, (children) of • Shubal J. Marsh, surviving.” Certainly, the two oldest and four youngest children come within these terms as well as the five named in the deed who still survive, and we see nothing in any other part of the deed which limits this meaning.
H. Percy Smith and R. B. Wilson, attorneys for the two oldest children. '
Morey, Andrews & Morey, attorneys for the five surviving children named in the deed.
J. P. Whitmore, attorney for the children of Marsh by the second marriage.
Judge Swing was of the opinion, that on the death of Al-' bert, his share vested in the other five children of Shubal, mentioned in the deed; or if any one of them was then dead leaving issue surviving, such issue took the share of its parent, and that the other six children took no part thereof. That it is a rule governing the construction of such instruments, that where an estate is thereby given to certain persons, as in a case like this, to some of the children of the same father, with a provision that on the death of one of them his share should go to the other children of the father, that the presumption is, that the other children are those named in the deed — and that this presumption can only be overcome by clear language, and is not done in this case.